UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SYBREG VALENTINA CASTRO BALZA**   CASE NO.  6:20-CV-00866 SEC P

**VERSUS**   JUDGE MICHAEL J. JUNEAU

**WILLIAM P BARR ET AL**   MAGISTRATE JUDGE PATRICK J. HANNA

REPORT AND RECOMMENDATION

Before the Court are Petitioner's original and supplemental motions for attorney fees and costs pursuant to the Equal Access to Justice Act. (Rec. Docs. 21, 23). The government opposed the motions (Rec. Doc. 25, 26). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motions before the Court be DENIED.

**Factual Background**

Petitioner, Sybreg Valentina Castro Balza ("Petitioner" or "Balza"), is a native of Venezuela who came to the United States as an 18-year-old on a tourist visa in May of 2017.  (Rec. Doc. 10-1).  Prior to her arrival in the United States, Balza's boyfriend was murdered in front of her by a pro-government vigilante group. *Id.* at ¶¶ 2-3, *La Voz, Shooting Leaves Three Dead in the Urbanization 27th of*

1

*February in Guarenas* (April 20, 2017). Petitioner later explained that she and her family were persecuted by these pro-government vigilante groups because of their refusal to support dictator Nicolas Maduro. *Id.* at p. 12.

Just before her tourist visa was to expire, Petitioner applied for asylum in the United States based on the foregoing. She remained in the United States past her visa's November 22, 2018 expiration without authorization. *Id.* at p. 1.

While in the United States, Petitioner became involved with a group of several older Venezuelan men who were creating fraudulent access devices using stolen identity information in order to obtain money by fraud. *Id.* at p. 12. Petitioner's involvement in this scheme was the result of only four days' time spent with the principal defendants as a result of an invitation to join them on vacation, traveling from Miami to Mississippi together. *Id.* at ¶¶ 8-9, 15. Petitioner pled guilty to one count of Conspiracy to Defraud the United States Which Affected Interstate Commerce in violation of 18 U.S.C. § 371 and was subsequently sentenced to imprisonment for a term of 18 months. *Id.* Petitioner ultimately served 16 months of this sentence and was released into the custody of USICE. *Id.* at ¶ 15.

Upon her release, Petitioner was transferred into DHS custody and removal proceedings were instituted. Petitioner sought and was denied voluntary departure. *Id.* Petitioner's removal order became administratively final on November 21, 2019. *Id.* Despite assurances that Petitioner would be removed to Venezuela before the

expiration of the 180-period following the date upon which her removal order became final, Petitioner was not so removed. (Rec. Doc. 5-1 at ¶ 8).

Petitioner filed a motion for preliminary injunction and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 which were considered by this Court pursuant to 28 U.S.C. § 636. By Report and Recommendation issued September 20, 2020, this Court granted Petitioner's requested injunctive and habeas corpus relief, finding that Petitioner demonstrated "the absence of any prospect of removal – no matter how unlikely or unforeseeable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Accordingly, Petitioner was ordered immediately released from DHS custody pending her removal, under conditions as further specified in the Court's rulings.

Now before the Court are Petitioner's original and supplemental motions for attorney fees and costs pursuant to the EAJA based on Petitioner's asserted status as the "prevailing party" on her prior motions in this matter. The motions are fully briefed and now properly before the Court for consideration.

## Law and Analysis

Courts may not award attorney fees or costs against the United States absent a waiver of sovereign immunity. *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991). Any waiver of the United States' sovereign immunity must be express, unequivocal, and any ambiguity therein strictly construed in favor

of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Lehman v. Naskhian*, 453 U.S. 156, 161 (1981).

The EAJA is a limited waiver of sovereign immunity, allowing for the imposition of attorney fees and costs against the United States in specific civil actions. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The operative EAJA language is found at 28 U.S.C. § 2412(d)(1)(A), which provides

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses…incurred by that party in any *civil* action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. (emphasis added).

The threshold issue presented by the instant motion is whether the EAJA expressly and unequivocally waives the United States' sovereign immunity regarding attorney fee and cost awards in habeas corpus actions.

4

The Fifth Circuit has not expressly ruled on the application of the EAJA to habeas proceedings, but both the Fourth and Tenth Circuits have concluded that the EAJA's limited waiver does not extend to habeas corpus proceedings. *O'Brien v. Moore*, 395 F.3d 499, 508 (4th Cir. 2005); *Ewing v. Rodgers*, 826 F.2d 967 (10th Cir. 1987). In contrast, the Second and Ninth Circuits have held that the EAJA's relief is available to habeas corpus Petitioners. *Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005) ("civil actions" under the EAJA includes immigration habeas proceedings). *In re Petition of Hill*, 775 F.3d 1037, 1040-41 (9th Cir. 1985) (immigration habeas petitioner entitled to relief under the EAJA).

The EAJA does not specifically define the term "civil action." *Boudin v. Thomas*, 732 F.2d 1107, 1112 (2d Cir. 1984). The Fifth Circuit has adopted the view, shared by many circuits, that habeas corpus petitions create "hybrid" proceedings, possessing attributes of both civil and criminal proceedings. *United States v. Johnson*, 258 F.3d 361, 365 (5th Cir. 2001).

In the case at bar, Petitioner's § 2241 habeas petition sought her release from custody and did not challenge a rule or regulation on behalf of a broader class of persons. Neither did she seek to assert a claim for asylum, such as petitioners in *Ewing* and *Boudin* brought, garnering a different result. Rather, her claim was an assertion of her personal rights, upon which relief was granted.

Although there is support for the treatment of habeas proceedings as civil actions in some circumstances, this Court finds that ambiguity clearly exists regarding the intent to include these causes of action within the ambit of the EAJA. Given the strict construction required of courts interpreting any such waiver of sovereign immunity, this Court is required to find that no relief lies as to Petitioner's claim and that the motion should be denied.

Since this Court has determined that an ambiguity exists regarding the inclusion of habeas corpus proceedings within the relief afforded under the EAJA, we do not continue our analysis to reach the issue of substantial justification or special circumstances, since there can be no relief against the sovereign without an express, unequivocal waiver.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Petitioner's original and supplemental motions for attorney fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(A) (Rec. Docs. 21, 23) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE at Lafayette, Louisiana this 27th day of August, 2021.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　PATRICK J. HANNA
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE